YOUNG VS FOSTER.

1. It is now well settled, that a Court will not compel a joinder in demurrer to evidence, unless the demurrant will admit on the record, the truth of all the facts offered in evidence; and also every conclusion which the facts fairly conduce to prove.

2. A written instrument sued on, is, under the statute, *prima facie* evidence of the debt, or duty it imports, and the consideration of such an instrument, can only be put in issue, by a special plea,—which throws the burden of proof on the pleader.

3. Where one contracts to deliver a certain quantity of corn, at a certain time, a refusal to deliver a part of the quantity, on the ground that the whole cannot be delivered at once, is not justifiable—The parties making the contract, are presumed to contract, in reference to the necessity of the case, and the habits and means of transportation common in the country.

4. In case of a demurrer to evidence, it [seems] to be the most correct practice, on account of its despatch, to direct the jury to assess the damages, at the time the demurrer is taken—to be imposed, in the event the demurrer is overruled. A new jury may, however, be impanneled, to assess the damages, and either mode is legal.

5. All testimony, in trials at common law, must be delivered orally, in presence of the jury, who are to try a cause, or assess damages, except where the statute provides for the admissibility of depositions:—Therefore, the evidence spread on the record, in a case in which a demurrer is offered to evidence, can not be allowed to go to a second jury, impanneled to assess damages, after the demurrer to evidence is overruled.

Error to the Circuit court of Tuskaloosa.

This was an action of assumpsit, tried before *P. Martin*, J., upon an instrument in writing, of the following tenor:

"I have sold to John W. Foster, seven hundred bushels of corn, which I bind myself in the sum of seven hundred dollars, to be delivered in said Foster's boat, in the month of February, or sooner if said Foster wishes it.— Tuskaloosa, January 8, 1838.       E. W. YOUNG."

The pleas were, non assumpsit; and a special plea, that defendant was ready and willing to deliver the corn mentioned in the declaration, but that the plaintiff was not ready, and consenting to receive it. Issues were taken to both pleas, and the case was submitted to a jury.

It was proved by the plaintiff, that defendant said a boat was, at one time, at Young's plantation—but at what time was not proved. The witness proved, that at the time he said a boat was there, he said it was not sufficient to contain the corn; on which account, he was unwilling to deliver it. Witness proved the price of corn, at Young's, in February, eighteen hundred and thirty-six, to be one dollar per bushel: also, that defendant said the money had been tendered. Witness also proved, that he knew the boat, and it was not large enough to contain the corn named, without planking the sides: that it was a common ferry flat, and was worked by four hands, at the time it came for the corn. Witness was asked whether the boat could not be planked by the hands, while it was delivering. He said not: and that all the corn could not be put into the boat without danger of getting it wet; but that the boat might be planked in less than a month.

This was all the testimony.

The defendant demurred to the evidence; and the case being thus arrested from the jury, the court took an

*advisare;* and on the succeeding day of the term, overruled the demurrer, and submitted the cause to another jury, who gave the plaintiff a verdict for seven hundred dollars : and the court, notwithstanding an objection of the defendant's counsel, ruled, that the evidence set out in the demurrer, was good testimony for the plaintiff, for the jury executing the writ of enquiry, and without any evidence but what appeared in the papers, the jury rendered their verdict.

It was assigned in error—

1. The court erred in overruling the demurrer.

2. The court erred in submitting the cause to the second jury, on the evidence filed in the papers.

*Porter,* for the plaintiff in error, contended—

1. That there was a distinction between writings which ascertained the value of the duty to be performed; —and those which undertook the performance of a mere duty, not stipulating any price:—That in these latter, a consideration could not be presumed, from the writing itself, and therefore, should be ascertained by evidence to a jury. That in all cases of this character, the general issue put the plaintiff upon this proof.—(5 Stewart & Porter, 189—4 Porter, 417.)

2. That a demurrer to evidence will bring up the sufficiency of the pleadings.—(4 *Wheeler's Ab.* 339, 343.)

3. That though a demurrer to evidence, operated as an admission of the facts, and the conclusions deducible from them,—yet it did not admit, what the court could not determine upon. This was the amount of damages— and these could only be ascertained by a jury, on the

testimony of witnesses.  The demurrer only put the question to the court, whether, admitting the facts, they enabled the plaintiff to recover by law.  The determination of the court, in the affirmative, only left the case where it was, when arrested from the jury—and as something was yet to be done by them to perfect the plaintiff's claims to recovery,--it must have been done in the manner authorised by legal principles.

*Peck*, contra.

ORMOND, J.—It has sometimes been made a question, whether the court has power to compel a joinder in a demurrer to evidence.  It is now, however, well settled, that the court will not compel a joinder, unless the demurrant will admit, on the record, the truth of all the facts offered in evidence, and also every conclusion which the facts fairly conduce to prove.  This has not been done in this case, but as no objection has been made, and as the counsel for the plaintiff has admitted the rule as stated, to be applicable to this case, we will not enter on the enquiry, whether the mere offering a demurrer to evidence, would necessarily imply such admission of facts and conclusions.

The court being, by this proceeding, substituted for the jury, the only question is, whether the issues are for the plaintiff or defendant.  It is contended by the plaintiff's counsel, that the consideration of the instrument, which is the foundation of the action, is put in issue by the plea of non-assumpsit.  But it has been repeatedly held by this court, that the act of eighteen hundred and eleven,

which provides, that when a suit is founded on a writing, whether under seal or not, "the court before whom the same is pending, shall receive such writing as evidence of the debt or duty for which it was given," has the effect of making the instrument sued on, *prima facie* evidence of the debt or duty it imports to be given for—that the consideration of such writing can only be put in issue by a special plea, and that the burden of proof will then be on the pleader—That not being the case here, the consideration of the writing is proved by its exhibition.

The issue tendered in the second plea is, that the defendant below was ready and willing to deliver the corn in the declaration mentioned, but that the plaintiff below was not ready, and would not consent to receive it.

The proof is, that the plaintiff below had a boat with four hands, at the plantation of the defendant, for the purpose of receiving the corn. The defendant did not deliver it, because the boat was not of sufficient capacity to receive the whole of the corn at one time, at least not without planking up the sides—nor even then, without there being danger of the corn getting wet. The defence here, is founded on the supposition, that the plaintiff below was bound to receive the whole of the corn at one time, but we cannot think this a reasonable interpretation of the contract. If, as appears to be the case here, the quantity of corn was too large to be received at one time, in the ordinary mode of transportation, the law of the contract is, that a refusal to deliver any of the corn, because only a part could be taken at one time, is not justifiable. No difficulty can arise in the application of this rule, as

the parties making a contract for the purchase and delivery of such a ponderous article as corn, must be presumed to contract in reference to the necessity of the case, and to the habits and means of transportation common in the country. The law would be the same, if the corn, by the terms of the contract, was deliverable on a particular day. In this case, the defendant in this court, had the whole month of February to receive it in. In either case, it must be delivered, if demanded, in such quantities as by the means of transportation, common in the country, would enable the receiver to carry it away. The evidence does not state precisely when the demand was made, but if this were important, in the absence of any other proof, we think the jury would have been warranted in inferring, that it was during the month of February; the more especially, as it is an admission by the plaintiff in error, who was endeavoring to excuse himself from the effects of his refusal to deliver the corn. Had the demand not been made at the proper time, he would doubtless have mentioned it, instead of relying on the excuse he did.

As the issues were all in favor of the plaintiff, the court was correct in overruling the demurrer—and as the court had no power in such a case as the present to assess the damages, it was also proper to empannel a jury to enquire what damages the plaintiff had sustained.

The most ancient, and perhaps the most correct course, is to direct the jury to assess the damages at the time the demurrer is taken, to be imposed, in the event the demurrer is overruled. The practice is, however, both ways, (and either mode is legal,) but the practice of as-

7 P.

sessing the damages conditionally, commends itself on account of its superior despatch. The demurrer may be (as was the case here) held up for some time, during which the witnesses will, in all probability, be dispersed, to the delay of the cause—(See Dunn vs Newbold, Croke Charles, 143; 2 Henry Blackstone, 200; Cost vs Buckbee, Douglass' Rep. 212; Humphreys' adm'r vs West's adm'r, 3 Randolph, 518; Tidd's Practice, 160, 161.)

This brings us to the only point of any difficulty in the cause. The admission, by the court, of the evidence, spread out in the record by the demurrer,—to the jury, to show the damage the plaintiff had sustained. It is contended by the counsel for the defendant in error, that as the evidence embodied in the record by the demurrer, is the recorded admission of the defendant, it is not only admissible as evidence, but the very best evidence the plaintiff could produce. No authority is cited in support of this position, nor have the researches of the court discovered any. We must, then, decide it on principle. There would be great force in the argument urged by defendant's counsel, if the testimony embodied in the record, showing the amount of the plaintiff's damages, had any reference to the issue which the court (under the demurrer) was to try. The only fact, then, admitted on the record, having any relation to the measure of damages, is the price or value of the corn. Now, this fact had no tendency to affirm or deny the issues before the court—they were the execution of the instrument sued on, which, under the state of the pleadings, was proved by the instrument itself—and the fact of readi-

ness and willingness on the part of the defendant below, to deliver the corn, and refusal by the plaintiff to receive.

It is too clear to admit of argument, that the price or value of the corn could have no influence in affirming or denying the propositions contained in the pleas.

If, as insisted, all the facts set out and admitted on the record, are evidence on the trial of the writ of enquiry of damages, they are conclusive, and cannot be gainsayed, although when offered and admitted, it was extraneous matter, having no reference to the issues the court was to try. In its results, if such a principle were adopted, it might lead to most injurious consequences. A fact thus incautiously admitted, would operate in the nature of an estoppel. We cannot, therefore, in the absence of all authority, recognise such a principle as law.

We know of no other than the statutory exception, relating to depositions, to the common law rule, that all testimony, in trials at common law, must be delivered orally, in presence of the jury who are to try the cause, or ascertain the amount of damages.

The defendant in error, having in the court below entered a remittiter as to part of the damages assessed by the jury, the justice of the case is doubtless with him; and our leaning would be strong to affirm the judgment, if it could be done without a violation of first principles.

Let the judgment be reversed, and the cause remanded.