GAZZAM, HEARD & WRAGG v. THE BANK OF MOBILE.

1. On a demurrer to evidence, where it is manifest the merits of the cause has not
been tried, this court is not compelled to render a final judgment, but may, in its
discretion, remand the cause that a *venire facias de novo* may issue.
2. On a motion by the bank for judgment, the certificate of the President of the
Bank, that the note sued on, is *bona fide* the property of the Bank, is necessary
to give the court jurisdiction of the case, but cannot be used for any other pur-
pose, or looked to by the jury as evidence.

Error to the County Court of Mobile County.

THIS was a motion in the court below, by the bank, for judg-
ment against the plaintiffs in error, as makers of a promissory

note, to S. Andrews, for four thousand seven hundred and twenty dollars.

An issue being made between the parties, and a jury impannelled, the plaintiffs below produced and read the certificate of the president of the bank, that the note sued on was the property of the bank. The plaintiff also produced the note on which the motion was founded, and offered to prove that it was endorsed in blank by S. Andrews ; but it was not permitted to be proved and the endorsement was not read to the jury.

This being all the evidence, the defendant below, demurred to the evidence, and the plaintiffs joined in the demurrer. The court rendered judgment for the plaintiff below on the demurrer; from which the defendants prosecute this writ of error, and now assign for error the judgment of the court on the demurrer to evidence.

CAMPBELL, for plaintiff in error—relied on the case of Lee & Langdon v. The Bank of Mobile, (8 Porter, 119.)

GAYLE, contra—cited Gibson & Johnson v. Hunter, 2 Henry Blackstone, and Wainwright v. Moore, 1 Hall's Superior Court Reports, to show that the court should not render final judgment against the defendant in error, but should remand the case, as the merits of the case had not been tried.

ORMOND, J.—This case has been twice argued before this court, and has received from us a patient consideration.

But two points have been made—

1. Was the judgment of the court below, on the demurrer, correct.

2. Has this court power to award a *venire de novo* in a case like the present, or is it bound to render such judgment as the court below should have rendered.

Both of these points were considered by this court, in the case of Lee & Langdon v. The Branch Bank (8 Porter, 119.) We are thoroughly satisfied, that the decision in that case, on the first point, is correct. The stress of the argument in that case, as in this, was, that the certificate of the president of the bank, could be looked to by the jury, to show that the legal title to the

note was in the bank. It is, however, most certain, that the certificate of the president of the bank, is not evidence for any purpose, nor can it be considered as before the jury. It is made necessary by the charter of the bank, to prevent the abuse of this summary remedy by the bank, being used as an instrument by individuals, for the recovery of their debts. It is necessary that it should be produced to the court, to give the court jurisdiction ; that object accomplished, it can have no other effect.

As the note was not payable to the bank, it could derive a legal title to the instrument, only by proof of an endorsement, and without such proof, it could maintain no action at law, in its own name, upon the note. This proof the bank offered to make; but on motion of the plaintiffs in error, the evidence was excluded. In this aspect of the case, had the cause been tried by a jury, it would have been the duty of the court, to have instructed the jury, as in case of non-suit, that, as the plaintiff had not proved a legal title to the note, he could not maintain any action on it in a court of law ; and as the court are by this proceeding substituted for the jury, it follows, that the judgment on the demurrer, should have been for the defendants below.

Is it the duty of this court, now to render such judgment as the court below should have rendered ; or may we not, in our discretion, remand the cause and award a *venire facias de novo?* If it can be done, it is most manifest that the latter course will subserve the purposes of justice: whilst the former will afford a most pregnant example of justice stifled under the forms of law.

There was not, in truth, in this case, after the endorsement of S. Andrews was excluded, any fact for the jury to try—there was no fact in evidence, upon which the demurrer to the evidence could operate; and it would seem to follow, that in such a case, a demurrer to evidence should not be allowed, or at least, that the opposite party should not have been required to join in the demurrer.

It is then a case in which there was no evidence, and in which no fact or legal conclusion has been ascertained ; and in such a case it is manifestly proper to award a *venire facias de novo.* In the great case of Gibson & Johnson v. Hunter, 2 Henry

Blackstone, in which there was a demurrer to evidence, the House of Lords referred to the judges several questions; two of which were "whether on this record any judgment can be given?" and "in case no judgment can be given, what ought to be the award?"

The answer of Chief Justice Eyre, in the name of all the judges, was to the first :—"that we conceive that no judgment can be given. The examination of the witnesses has been conducted so losely, or this demurrer has been so negligently framed, that there is no manner of certainty in the facts, on which any judgment can be founded." The answer to the other question was "that there ought to be a *venire facias de novo.*—The issue joined between these parties has, in effect, not been tried."

Can it not, with great propriety, be said, that the issue between the parties in this case, has not been tried. In the case cited, the evidence was "lose and indeterminate" and therefore the judges could not determine it; but where there is no evidence at all, it is manifest no conclusion can be attained.

The case of Wainwright v. Moore, 1 Hall's Superior Court Reports, is considered an express authority in favor of remanding this case.

In that case, the plaintiff having proved certain facts rested his cause, and the defendant demurred to the evidence. The court held, that the evidence was not sufficient to maintain the plaintiff's action, and the question was, whether a final judgment should be entered for the defendant, or a *venire facias de novo* be awarded. The court refused to render final judgment for the defendant, on the ground, that "it was evident that the whole merits of the plaintiffs' case, had not been disclosed." The judge giving the opinion of the court, adds—"I think that it is competent for us, in the exercise of our discretion, to send the case to another trial ; the purposes of justice would not be subserved by giving a peremptory judgment on this record."

It would be difficult to distinguish the case just cited, from the one at bar; but if there be any difference it is, that it is not as strong as the present case. In this, it appears that the bank

offered in the court below, to make the proof, the want of which is now alleged as a reason for giving a final judgment on the record; but on motion of the defendants below was, by the court, for some reason which does not appear on the record, prevented from so doing, whilst, in the case cited from Hall's Reports, the defect of proof appears to have arisen from an inadvertence of the plaintiff himself.

But the strong, and plain reason for remanding this cause, is, that in fact, there has been no trial of the issue between these parties; and the case is analagous to the finding of an immaterial issue by a jury; in which the constant practice is (except in some few extreme cases where judgment *non obstante veredicto* is rendered) to direct a *respondeat ouster.*

We are, therefore, fully satisfied that both, on principle and authority, it would be wrong to render a final judgment on this record.

This is in opposition to the decision of this court in the case of Lee & Langdon v. The Branch Bank (8 Porter, 119); and that case, so far as it directed a final judgment to be entered, is overruled.

We are not to be understood, that, this court cannot direct final judgment to be rendered on a demurrer to evidence. Where the whole merits of the case is disclosed, it would undoubtedly, be the province and the duty of this court to render such judgment, as the court below should have rendered. But this court has a discretion, where it is manifest that such is not the case, to send the cause to another trial. Such should have been the judgment of this court in the case of Lee & Langdon v. The Branch Bank, and we hasten to correct the error committed in that case. The case was one of small magnitude—this point was very briefly argued, perhaps not at all, and did not receive from the court that deliberate examination we have since given it. We are gratified to learn that no material injury has resulted from it.

Let the judgment be reversed and the cause be remanded, with directions to the court below to award a *venire facias de novo.*