HANOVER FIRE INSURANCE COMPANY, PLAINTIFF IN ERROR, vs. B. C. LEWIS & SONS, DEFENDANTS IN ERROR.

1. A demurrer to evidence admits the truth of the testimony demurred to and all reasonable inferences that may be drawn from that testimony.

2. When a demurrer to evidence is overruled by the Judge, he cannot assess the damages that plaintiff has incurred. In such a case the Judge, before discharging the jury, should require them to assess the damages conditionally, or if he discharges the original jury he should, upon overruling the demurrer to evidence, call another jury to assess the damages.

3. When this court holds that the issues were properly found on a demurrer to evidence in favor of the plaintiff, but the judgment of the court below is reversed on the ground that the presiding Judge had no authority to assess the damages, the cause will, in the absence of other controlling reasons, be sent back with an affirmance of the findings of the Judge, and instructions to call a jury to assess the plaintiff's damage, or it may, if the judgment on the demurrer in the court below is in favor of the defendants, and it is apparent from the record that the plaintiff had not disclosed the whole merits of his case, set aside the ruling of the Judge below and award a *venire de novo*.

4. When there is judgment in the court below in favor of plaintiff and judgment is reversed on the ground that the Judge had no authority to assess the damages, and it is apparent from the record that the defendant did not disclose the matters constituting his defense, because the plaintiff had omitted to introduce any evidence by which the jury could assess the damage the plaintiff

14

had sustained, this court in reversing the case will award a *venire de novo*.

5. A policy of insurance against loss by fire which provides. that such loss shall be estimated according to the actual cash value of the property at the time of the loss not exceeding the sum insured, leaves the question of value open, and before a recovery thereon can be had for other than nominal damages, proof of the actual cash value of such property at the time of the loss must be produced to the jury.

6. Where the assured party has made written proofs of loss as required by the policy, and delivered such proofs to the insurer, secondary evidence of their contents cannot be introduced by the assured unless he has given notice to the insurer to produce such proofs and he has failed to do so.

Writ of Error to the Circuit Court for Leon County.

The facts of the case are stated in the opinion.

*W. A. Blount* and *Fred. T. Myers* for Plaintiff in Error.

*John A. Henderson* and *R. W. Williams* for Defendants in Error.

THE CHIEF-JUSTICE delivered the opinion of the court:

The defendants in error, B. C. Lewis & Sons, commenced an action in the Circuit Court of Leon county against the plaintiff in error, The Hanover Fire Insurance Company, on a policy of insurance. The language of this policy, so far as it is essential to a decision of this case, is as follows: "$5,000. Underwriters' Policy. No. 20,195. By this Policy of Insurance The Germania Fire Insurance Company and the The Hanover Fire Insurance Company, each of the City of New York, each acting and contracting for itself, and not one for the other, in consideration of one-half part of the sum of one hundred dollars to each of them paid by the assured hereinafter named, do each insure B.

C. Lewis & Sons, Tallahassee, against loss or damage by fire, to the amount of one-half part of the sum of five thousand dollars, for the term of three years, on their two-story, framed, shingle-roofed building on their plantation known as Glenwood, about seven miles northeast from Tallahassee, on the Miccosukie road, occupied by W. L. Robinson as his family residence, and each of the said companies agree to make good to the assured, their executors, administrators and assigns, all such immediate loss or damage, not exceeding in amount the sum insured by said companies as aforesaid, as shall happen by fire to the property above specified, from the 18th day of April, 1882, at noon, to the 18th day of April, 1885, at noon ; the amount of such loss or damage to be estimated according to the actual cash value at the time of the loss, and to be paid sixty days after due notice and proof of the same made by the assured and received at the office of the general agency of the said companies in the City of New York, in accordance with the terms of this policy hereinafter mentioned." The plaintiff introduced the following evidence : the policy from which the extract above is taken, and also one Edward Lewis, who testified as follows : " I am one of the plaintiffs. The defendants issued to us, that is to B. C. Lewis & Sons, this policy. The property Glenwood, described in said policy, was destroyed by fire, or it was reported to us, on Jan. 2, 1885. I afterwards saw the place where it was burned and saw that it was destroyed. The defendant furnished to us printed blank forms of proof of loss which we filled out in writing and returned to it, and they have ever since had it in its possession." The attorney for defendant objected to the question respecting the said writing without the production of the writing, but the court upon the argument of said objection decided and delivered his opinion that the said question should be asked and the

said testimony was given as aforesaid. To which ruling of the court defendant excepted. The defendants have never denied full knowledge of the destruction of the property by fire. That an agent or representative of the defendant was here soon after the destruction and saw the wreck; that correspondence after the said fire passed between plaintiffs and defendant in reference thereto ; that defendant has never paid or offered to pay plaintiffs the amount of the policy, nor any other sum, although asked to do so. "I claim that the whole amount of the policy is due and no part has been paid."

The defendant then, upon cross-examination, asked the said witness what was the writing that he or the firm of B. C. Lewis & Sons had put in the said blank forms ? but to the said question the attorney for the plaintiffs objected and the said court did deliver its opinion and decide to exclude the said question and it was thereupon excluded. To which ruling of the court defendant excepted. This was all the evidence. The defendant corporation demurred to the evidence—the plaintiffs joined therein and the jury were discharged. The Judge found the issues in favor of the plaintiffs, assessed the damages and rendered a judgment against the defendant corporation. The issues which were presented by the pleas of the defendant corporation, excepting the affirmative pleas, which are not involved here, the defendants having introduced no evidence to sustain them, are in effect the general issue, and that the plaintiffs had not given notice of loss in accordance with the requirements of the policy of insurance sued on. Under the rule applicable to demurrers to evidence which admits the truth of the testimony demurred to, and every reasonable inference that may be deduced therefrom, we are of the opinion that the court below was correct in determining those issues in favor of the plaintiffs. The court, however, went further and assessed

the damages which in its judgment the plaintiffs had sustained. This it had no authority to do. The rule from the earliest reported cases in England to the present day, and which prevails in this country, is that upon a demurrer to evidence the court may, before discharging the jury, cause them to assess the damages conditionally, that is to fix the amount of the recovery, provided that the Judge finds the issues in favor of the plaintiffs; or that he may discharge the jury, and if he finds the issues in the evidence in favor of the plaintiffs he must call another jury to assess the damages upon a writ of inquiry. Tidd's Practice, vol. 1, p. 575; vol. 2, p. 866. In the case of Obaugh vs. Finn, 4th Ark., 110, the court said, "upon the filing of a demurrer to evidence the usual course of proceedings is either to take a verdict for the plaintiff conditionally, and then discharge the jury, or to discharge the jury before any verdict is rendered, and then dispose of the demurrer; in which case, if the demurrer is overruled and the damages are unliquidated, a new jury is summoned to assess the damages." In the case of Young vs. Foster, 7 Porter, 420, the court said, "in case of a demurrer to evidence, *it seems* to be the most correct practice, on account of its dispatch, to direct the jury to assess the damages at the time the demurrer is taken, to be imposed in the event the demurrer is overruled. A new jury may, however, be impanneled to assess the damages, and either mode is legal." In the case of Humphrey vs. West, 3d Randolph, 516, the court said: "The only question for the court on a demurrer to evidence is whether the evidence supports the issue, and the judgment is that it does or does not support it;" and further, after the demurrer is joined the jury may either be discharged, and (if the judgment be that the evidence does support the issue) a writ of inquiry of damages is awarded, or the jury then im-

panneled may assess conditional damages." If it were otherwise, and the law permitted the court to assess the damages upon finding the issues in favor of the plaintiff, we should have been reluctantly compelled to have reversed the judgment of the court below and have sent it back with instructions to enter a judgment on the demurrer in favor of the defendant, or at best a judgment for the plaintiff for merely nominal damages, for the reason that the policy is an open one and the plaintiffs had failed to introduce any evidence whatever of the " actual cash value of " the property " at the time of the loss." May on Insurance, sec. 30 ; 48 Penn. St., 367 ; 105 Mass., 396. In sending this case back we have been somewhat at a loss to settle the practice to be followed on another trial of this cause. In similar cases, where the court has held the issues to be in favor of the plaintiff and has assessed the damages and the case has been reversed for this reason, the practice has been for the higher court to affirm the judgment of the lower one and send the case back for the execution of a writ of inquiry merely to ascertain the damages. In Patterson vs. Blakeney, 33 Ala., the court say : " Following the precedent established in Boyd vs. Gilchrist, 15 Ala., 849, we shall not disturb the decision of the court below in so far as it overrules the demurrer to the evidence and ascertains that the plaintiff is entitled to recover some damages, because to that extent the decision is correct. But as the ascertainment by the court below was unauthorized the judgment thus far and to that extent is reversed and the cause remanded that the court may cause a jury to be impanneled to ascertain the damages." It also seems to be settled that where the plaintiff has not disclosed the whole merits of his case, either from some ruling of the court below or from inadvertence, that the court on sending the case back will award a *venire de novo.* Shehee vs. Higgs, 4 Fla., 382 ; 3 Randolph, 516 ;

Wainwright vs. Moore, 1 Hall's Superior Court Reports; Gazzam, Heard and Wragg vs. Bank of Mobile, 1 Ala., 268. This case expressly overrules the case of Lee & Langdon vs. Branch Bank, 8 Porter, 119. In the case at bar, so far as the evidence went, the plaintiff had shown a right to recover merely, but had introduced no evidence to show what amount they were entitled to recover. They closed their evidence. The defendant corporation was not bound to disclose its defence until a case had been made against it. We think counsel for defendant erred in demurring to the evidence, but if he had gone to the jury he could have properly claimed that they could only find a verdict against them for a nominal amount. To send the case back with instructions to execute a writ of inquiry only as to amount of damages, and deprive the defendant corporation of presenting its defence, would be unjust to it, inasmuch as its failure to do so was attributable to the neglect or failure of the plaintiffs to make out their case. What we have said as to the effect of the evidence was based on the rule that a demurrer to evidence admits its truth. We do not desire to be considered as expressing any views of our own as to the weight of the same evidence in another trial.

With regard to the proofs of loss which plaintiffs claimed were in the possession of the defendant corporation, we think that a notice should be served on the defendant to produce them, and if it fails to do so that secondary evidence of their contents may be introduced. Greenleaf's Evidence, 560; McFadden vs. Kingsbury, 11 Wendell, 667; Fairbault vs. Ely, 2 Dev. Rep., 67, 68.

In the absence of such notice to produce, secondary evidence of the contents is inadmissible.

Judgment reversed and a *venire de novo* awarded.