JOHN WILKINSON, APPELLANT, VS. PENSACOLA & ATLANTIC RAILROAD COMPANY APPELLEE.

1. A demurrer to the evidence admits the truth thereof and also such conclusions as the jury may fairly and justifiably draw therefrom. Forced or violent inference from the evidence are not thereby admitted, but the testimony is to be taken most strongly against the demurrant, and such conclusions as a jury might justifiably draw therefrom the court ought to draw.

2. The right of recovery is confined to the cause of action alleged in the declaration, and there can be no recovery upon a cause of action, however meritorious, or satisfactorily proven, that is substantially variant from the one alleged by the plaintiff.

3. If a plaintiff, in an action to recover damages for alleged personal injuries, describes with needless particularity and minuteness the tort and the means by which it was effected, and his proof fails to sustain, or is substantially variant from, the allegations of the declaration, he is not entitled to recover

4. The provisions of the statute relating to the recovery of damages against railroad corporations, that if the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury trying the case in proportion to the amount of default attributable to him, does not relieve the plaintiff of the necessity of establishing the cause of action alleged against the company, and a failure to prove the negligence or fault alleged will defeat the plaintiff's right of recovery.

Appeal from the Circuit Court for Santa Rosa county.

### STATEMENT.

Suit was instituted by appellant in the Circuit Court against appellee, a railroad company, to recover damages for injuries received on account of the alleged negligence of an employe of the company. The declaration alleges that on the 29th day of June, 1890, while plaintiff was traveling along the right-of-way of the defendant company, about twelve or fifteen feet from its road-bed, over which one of defendant's trains was passing, the fireman on said train, in the employment of said company and in the regular discharge of his duties as such employe, carelessly and negligently threw from said train, when passing plaintiff, a piece of wood which struck and seriously injured him, and which caused him great suffering and pain, from which wound and agony plaintiff was confined to his bed for a long time, and was forced to incur great expense for medical assistance and in moving, as well as being permanently injured in the abdomen and groins, in addition to the great mental suffering caused by the wound. The damage claimed is ten thousand dollars. The pleas were not guilty, and that the negligence of plaintiff caused the injury, and contributed to cause the injury, received by him.

After the plaintiff had submitted his case to the jury, it was announced by counsel for defendant that he demurred to the evidence, and the facts established by the evidence being committed to writing under the direction of the court; the demurrer was sustained and judgment rendered in favor of the defendant, from which judgment plaintiff appealed.

The testimony reduced to writing and signed by the judge is as follows, *viz:* On June 29th, 1889, the plaintiff and W. L. Martin were walking along the railroad track of the defendant company, about one-half mile from the village of Milligan, in Santa Rosa county. They were going from west to east towards Milligan when they were overtaken by a mail train of the defendant going towards Milligan. Just before the train reached them, at a point one-half mile west of Milligan, and about sixty steps from where a public road crosses the railroad track, they stepped off the track and upon the right-of-way of defendant, taking a position on the right-of-way about fifteen feet from the track and facing it. The train did not blow for the crossing, or give any signal, and passed the spot where plaintiff and Martin stood, at the rate of about forty miles per hour. Plaintiff saw the engineer sitting on his box on the south side of the engine, Martin and plaintiff being on that side, and the engineer nodded to plaintiff. He did not see any one else on the engine or tender. Martin saw two men on the engine as it passed, but could not say whether they were in the cab or on the tender. Just as the engine passed, a log of wood descended from the tender and struck the ground about four feet from the track, bounded and struck plaintiff on the left side of the abdomen and groin. The grade at that point was descending going east. Neither plaintiff nor Martin saw the log leave

the tender, and they were not able to say whether it was thrown off or fell off, but they saw it in its descent, and saw it strike plaintiff. It was a log weighing thirty-five pounds, and seemed to be half of a stump, that is, a stump split in two. Neither of them could say whether or not it could get into the fire-box of the engine.

The foregoing is all of the facts reduced to writing that has any bearing as to how the injury complained of was received, or tending to show liability on the part of the company for the same. There was further testimony as to the nature of the injury received and the extent of plaintiff's damage resulting therefrom, but nothing further tending to show liability of the company for the injury received.

The other facts in the case are stated in the opinion.

*D. L. McKinnon*, for Appellant.

*W. A. Blount*, for Appellee.

MABRY, C. J.:

Counsel for appellant contends that under the demurrer to the evidence the company admitted enough to fasten liability on it for the injuries alleged in the declaration to have been received. The rule as to the effect of a demurrer to the evidence stated in Pawling vs. United States, 4 Cranch, 219, is approved by this court in the case of Higgs vs. Shehee, 4 Fla. 382. It is, that the party demurring admits the truth of the testimony to which he demurs, and also those conclusions of fact which the jury may fairly draw from that testimony. Forced or violent inferences he does not admit, but the testimony is to be taken most strongly

against him, and such conclusions as a jury might justifiably draw, the court ought to draw. The established rule is, that the party demurring to evidence must admit on the record, not only that all the facts proven are true, but that every fact is also true that may fairly and reasonably be inferred from or deduced out of the evidence, or that the evidence reasonably tends to establish. Hanover Fire Insurance Co. vs. Lewis, 23 Fla. 193, 1 South. 863; Duncan vs. State, 29 Fla. 439, 10 South. 815. By demurring to the evidence and joining therein in a proper case, the duty devolves upon the court to apply the law applicable to the case to the evidence, and this consists of every fact that the testimony reasonably conduces to prove, or that a jury might fairly and legally draw therefrom. The law applicable to the case is for the court to determine under all conditions, and its duty in this respect is not altered by the demurrer to the evidence and the imposition of the further duty of applying the law to the facts admitted.

Before stating our conclusion as to the ruling of the trial court on the evidence, reference will be made to the rules of pleading under our system as affecting the right of recovery under the allegations of the declaration before us. The action is to recover damages for personal injuries to the plaintiff, caused by the alleged negligence of a servant of the defendant. The right of recovery must be confined to the cause of action alleged in the declaration, and, according to the settled rule of this court, there can be no recovery upon a cause of action, however meritorious it may be, or however satisfactorily proven, that is substantially variant from the one alleged by the plaintiff. If a plaintiff describes with needless particularity and minuteness the tort and the means by which it was effected, and his proof fails to

sustain, or is substantially variant from, the allega-
tions in the declaration, he must fail in his suit.  Having
alleged the grounds upon which a recovery is based and
called upon the defendant to meet it, if the plaintiff
fails on the grounds stated he can not be permitted to
recover upon any other not alleged.  Jacksonville, T.
& K. W. Ry. Co. vs. Neff, 28 Fla. 373, 9 South. 653;
Parish vs. Pensacola & Atlantic R. R. Co., 28 Fla.
251, 9 South. 696; Jacksonville, T. & K. W. Ry. Co.
vs. Galvin, 29 Fla. 636, 11 South. 231; Chicago, Bur-
lington & Quincy R. R. Co. vs. Morkenstein, 24 Ill.
App. 128.  The allegations of the declaration as to the
cause of action is substantially that while the plaintiff
was traveling along the right-of-way of the defendant
company, and about twelve or fifteen feet from the
road-bed, the fireman on a passing train, in the em-
ployment of the company and in the regular discharge
of his duties, carelessly and negligently threw from
the train a piece of wood which struck plaintiff and
caused him serious injury.  The gist of the action here
alleged is that a fireman, while in the discharge of his
regular employment, negligently and carelessly threw
from a train, when passing the plaintiff on the right-
of-way some twelve or fifteen feet, a piece of wood
which struck plaintiff and caused him serious damage.
We have carefully examined the evidence demurred
to, and giving to it all the scope to which it is entitled
under the rule applicable to demurrers to evidence, we
do not see that the Circuit Judge erred in the ruling
that he made.  Appellant in company with another
party had been walking on the railroad track, and
stepped off about fifteen feet on the right-of-way to
avoid an approaching train.  The place where they left
the track was about sixty steps from a public road
crossing.  Appellant saw only the engineer on the en-

gine or tender, and the other witness, Martin, saw two
men, but could not say whether they were in the cab
or on the tender.   As the train passed, a piece of wood
descended from the tender, struck the ground about
four feet from the track, bounded and struck appel-
lant.   Neither of the witnesses saw the piece of wood
leave the tender, and they could not say whether it
was thrown off or fell off, but they saw it in its descent
and when it struck appellant.   There is no showing
here that the fireman threw the wood from the tender,
or that he had anything to do with its leaving the ten-
der.   That the wood came from the tender is reasona-
bly certain, but the cause of its leaving does not ap-
pear.   The plaintiff placed his cause of action against
the company on the alleged ground that the fireman
negligently and carelessly threw the wood from the
train, and there is no fair or legitimate inference grow-
ing out of the evidence to sustain the allegation.   Un-
der the authorities cited we are confined to the cause
of action alleged in the declaration, and considering
the testimony with reference to the allegations made,
we think there was a failure of proof on the part of
the plaintiff.

We do not see how the provisions in Section one of
Chapter 3744, acts of 1887, can be of any aid to the
appellant under the facts of this case.   As we have
seen, there is a total failure on his part to show the
negligence or fault of the company alleged, and no
other can be relied upon in this action with the decla-
ration as it is.   Negligence is the basis of the action
in this case, and if the negligence alleged is not sus-
tained by proof, there is nothing upon which to pred-
icate fault on the part of the agents of the company.
The statute provides "that if the complainant and the
agents of the company are both at fault, the former

may recover, but the damages shall be diminished by the jury trying the case in proportion to the amount of default attributable to him.'' This statute does not relieve the plaintiff of the necessity of showing a cause of action against the company. It may enable a plaintiff who is guilty of contributory negligence to still recover damages against a railroad company caused by its own negligence or fault, but in such case the negligence or fault of the company must be alleged and proven. A failure to prove the negligence or fault alleged against the company as a cause of action, terminates the plaintiff's right of recovery entirely.

We do not deem it necessary to consider the question, whether the presence of the appellant on the right-of-way of the company, under the circumstances disclosed, would deprive him of the right to recover under allegations in a declaration less restrictive than the one before us.

What has been said disposés of the case, and the result is, that the judgment must be affirmed, and is so ordered.