THE SKINNER MANUFACTURING COMPANY, A CORPORATION, PLAINTIFF IN ERROR, v. LUM WRIGHT, DEFENDANT IN ERROR.

1. A party demurring to the evidence must set forth on the record all of the evidence intended to be admitted thereby, and, if this is not done, the opposing party cannot be required to join therein.

This case was decided by Division A.

Writ of Error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the Court.

*Amos & West* for Plaintiff in Error.

*Blount & Blount* for Defendant in Error.

SHACKLEFORD, C. J.   This is an action of ejectment instituted by the plaintiff in error as plaintiff against the defendant in . error as defendant in the Circuit Court for Santa Rosa County to recover the possession of a ecrtain parcel of land and for mesne profits.   At the close of all the plaintiff's evidence the defendant filed what purported to be a demurrer thereto, the plaintiff objected to joining therein but the court made an order requiring it to do so, which the plaintiff then did, and after argument by the respective counsel the court made an order sustaining the demurrer to the evidence and rendered a judgment in favor of the defendant.   To this judgment the plaintiff took a writ of error returnable to the present term. Three errors are assigned, based respectively upon the order requiring the plaintiff to join in the demurrer to the evidence, the order sustaining the demurrer and the order overruling the plaintiff's motion for a new trial.

The demurrer in question was as follows:

"The defendant demurs to the evidence in this case and for ground of demurrer says that it is insufficient to war-

rant the finding of a verdict or the rendition of a judgment in favor of the plaintiff."

We are of the opinion that all the errors are well assigned.

It is settled law in this court that the party demurring to the evidence must set forth on the record all of the evidence intended to be admitted thereby, and, if this is not done, the opposing party cannot be required to join therein, and, even if he should join therein voluntarily, the court can give no judgment upon the demurrer, but must award a *venire de novo.* See Higgs v. Shehee, 4 Fla. 382; Morris v. McKinnon, 12 Fla. 552; Hinote v. Simpson & Co., 17 Fla. 444; Hanover Fire Insurance Co. v. Lewis, 23 Fla. 193, 1 South. Rep. 863; Duncan v. State, 29 Fla. 439, 10 South. Rep. 815; Wilkinson v. Pensacola & Atlantic R. R. Co., 35 Fla. 82, 17 South. Rep. 71; Fee v. Florida Sugar Manufacturing Company, 36 Fla. 612, 18 South. Rep. 853; Holland v. State, 39 Fla. 178, 22 South. Rep. 298; Ingram v. Jacksonville St. R. R. Co., 43 Fla. 324, 30 South. Rep. 800; Lowe v. State, 44 Fla. 449, 32 South. Rep. 956, S. C. 103 Amer. St. Rep. 449; Mugge v. Jackson, 50 Fla 235, 39 South. Rep. 157; Atlantic Coast Line R. R. Co. v. Dexter, 50 Fla. 180, 39 South. Rep. 634 Also see Gould's Pleading (5th ed.) 446 *et seq.;* Gibson and Johnson v. Hunter, 2 H. Blackstone, 187, text 205 *et seq,* 6 Ency. of Pl. & Pr. 446 *et seq.*

None of the evidence in the instant case, which was partly documentary and partly parol, was reduced to writing, and no facts were admitted or stated on the record by the demurrer.

Further discussion is unnecessary. The judgment must be reversed, and it is so ordered, at the cost of the defendant in error.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.