GUSTAVE LOEFFLER, *Plaintiff in Error*, v. CITY OF WEST TAMPA, *Defendant in Error*.

1. The demurrer to the evidence, the order or ruling of the court requiring the defendant to join in the demurrer, followed by the written joinder in demurrer required by such ruling, form part of the record proper in the case, and no exception to the ruling on the demurrer is necessary to have it reviewed here.

2. A demurrer to the evidence introduces the facts into the record, and its effect is to make the evidence stated therein a part of the record.

3. The grounds of the objections made by plaintiff to a joinder in the demurrer to the evidence, as that the demurrer does not correctly state the evidence, are matters *in pais*, not part

of the record proper, and may be evidenced to in an appellate court only to by bill of exceptions, for such court could not tell whether the ruling was correct unless the evidence be preserved and evidenced by bill of exceptions.

4. Upon demurrer to the evidence, where the supposed statement of facts of what the evidence proved is not properly made, as that the demurrer does not admit the facts which the other party attempts to prove, or where there is an evident attempt to set up the evidence of the defendant against the evidence of the plaintiff and to bring before the court a loose and indeterminate statement of disputed facts, the plaintiff in error has the right to insist as error apparent on the statement itself, that the court erred in sustaining the demurrer.

5. Upon demurrer to the evidence, where the defendant does not seek to establish by the evidence set up in the demurrer inconsistent propositions, or to set off the evidence in his favor against the evidence that is against him, but, upon any theory of proof, the plaintiff cannot recover, the demurrer was properly sustained.

6. If the plaintiff fails to prove the cause of action alleged and prove some other cause of action, the defendant has a right to decline to litigate the cause of action proved, and to contend, by way of demurrer to the evidence, that the evidence introduced, though it might give the plaintiff a right to recover therefor in an action brought thereon, proven a different cause of action from the one alleged, and to ask judgment in his favor on the cause of action alleged.

This case was decided by Division B.

Writ of error to the Circuit Court for Hillsborough County.

### Statement.

The plaintiff in error sued the city of West Tampa in the circuit court for Hillsborough county, because it had left open and unprotected a ditch extending across

one of the city's streets known as Howard avenue at its intersection with another street called Cherry street, and alleged in his declaration that "by means or reason of which said dangerous and unsafe condition of said street the plaintiff, who was then and there passing along and upon the said street known as and called Howard avenue in a certain vehicle, to-wit: a buggy, being then and there drawn by a horse traveling in a moderate and reasonable rate of speed and with all reasonable and ordinary care, was then and there unavoidably thrown from the said vehicle upon the approach of the said horse and vehicle to said ditch, of the existence of which said ditch's dangerous and unsafe condition plaintiff had no knowledge or warning, by means of the shying and effort of the said horse to avoid precipitation into said ditch whereby the plaintiff's right foot was caught between the spokes of one of the wheels of the said vehicle and the plaintiff was thrown against an electric light pole by the side of said street adjacent to said street with great force and violence," and the plaintiff was greatly and permanently disabled, etc.

The defendant pleaded the general issue, contributory negligence and sole negligence of plaintiff. The plaintiff joined issue on these pleas.

On the 19th day of December, 1906, a trial was had, and, the evidence on behalf of the plaintiff being concluded, the defendant filed the following demurrer to the evidence of the plaintiff:

"Now comes the defendant in the above stated cause and demurs to the evidence of the plaintiff herein, and for the purposes of this demurrer hereby admits that the evidence of the plaintiff establishes the following facts, viz.:—

That the defendant maintained across Howard avenue in the city of West Tampa, at the point mentioned in the declaration a ditch as alleged in said declaration about

three feet in width, and of the depth of about fifteen to eighteen inches, and that the said ditch had been in exist-ence for such a period of time as to charge the author-ities with knowledge. thereof; that on November 5th, 1905, in the day time plaintiff drove along said Howard avenue in a buggy drawn by a spirited horse, holding a tight rein on it, and did not see the said ditch until within ten feet thereof, when its existence was called to plain-tiff's attention by his companion in the said buggy; that plaintiff could not stop his horse without going into the ditch and immediately plaintiff jerked the horse round to the right, and the horse jumped, the left wheel of the buggy going into the ditch, and the plaintiff was then in a situation to have gone down Cherry street without in-jury but believed he could safely make a second turn and proceed down Howard avenue to the right of the ditch, which he attempted to do, and that it was the best course for him to have taken and that he did all in his power to avoid injury, and in so doing the buggy wheel struck against an electric light pole at the side of Howard av-enue, thereby throwing plaintiff from the buggy, by rea-son of which he sustained injuries as alleged in his de-claration.

And the defendant says that on said facts there can be no recovery by the plaintiff for the reasons:

(a) That the proximate cause of the plaintiff's in-juries was not the negligence of the defendant.

(b) That the plaintiff's own negligence contributed to and caused his injuries.

(c) That the facts proved are substantially variant from those alleged in the plaintiff's declaration.

Macfarlane & Glen, Attys. for Dft."

Whereupon the court made the following order, re-quiring the plaintiff's counsel to join in the said de-murrer: "The court requires counsel for plaintiff to join

in the following demurrer, which he did under protest, and to which his exception is noted."

The court sustained the demurrer to the evidence, the jury was discharged, and final judgment was entered on the demurrer to the evidence in favor of the defendant. The plaintiff seeks to have a reversal of said judgment upon writ of error.

*Lumsford & Dickenson,* for plaintiff in eror;

*Glen & Himes,* for defendant in error.

PARKHILL, J., (*after stating the facts.*)—There are four assignments of error. The third and fourth are not argued and will be treated as abandoned.

The first assignment is, "That the court erred in requiring the plaintiff by its order to join in the defendant's demurrer to the evidence." The second assignment is, "That the court erred in the entry of its order sustaining the demurrer of the defendant to the evidence of the plaintiff"

It is contended by plaintiff in error that the statements of fact admitted by the demurrer to be true are contradictory, in that the statement, "that plaintiff could not stop his horse without going into the ditch and immediately plaintiff jerked the horse round to the right. and the horse jumped, the left wheel of the buggy going into the ditch, and the plaintiff was then in a situation to have gone down Cherry street without injury," is inconsistent with the statement "but believed he could safely make a second turn and proceed down Howard avenue to the right of the ditch, which he attempted to do, and that it was the best course for him to have taken, *and that he did all in his power to avoid injury,* and in so doing the buggy wheel struck against an electric light

pole at the side of Howard avenue, thereby throwing plaintiff from his buggy, by reason of which he sustained injuries as alleged in his declaration." And counsel, quoting from Morrison v. McKinnon, 12 Fla. 552, text 557, and Mugge v. Jackson, 50 Fla. 235, 39 South. Rep. 157, text 160, says: "A demurrer to evidence ought not to be allowed where the party demurring refuses to admit the facts which the other party attempts to prove, nor when he offers contradictory evidence or attempts to establish inconsistent propositions." Counsel for defendant in error contend that this assignment of error cannot be considered, because it is based upon matters *in pais,* not presented by the bill of exceptions as required by the rules of this court.

The demurrer to the evidence, the order or ruling of the court requiring the defendant to join in the demurrer, followed by the written joinder in demurrer required by such ruling, form part of the record proper in the case, and no exception to the ruling on the demurrer is necessary to have it reviewed here. Barnes v. Scott, 29 Fla. 285, 11 South. Rep. 48. A demurrer to the evidence introduces the facts into the record, and its effect is to make the evidence stated therein a part of the record. 2 Cyc. 1064; Suydam v. Williamson, 20 How. (U. S.) 427, 15 L. Ed. 978.

The grounds of the objection made by plaintiff to a joinder in the demurrer to the evidence, as that the demurrer does not correctly state the evidence, are matters *in pais,* not part of the record proper, and may be evidenced to this court only by bill of exceptions, for this court could not tell whether the trial court ruled correctly on such an objection unless the evidence be preserved and evidenced to us as by bill of exceptions. We have held that where the supposed statement of facts under the demurrer of what the evidence proved is not properly

made, as that the demurrer does not admit the facts which the other party attempts to prove, or where there is an evident attempt to set up the evidence of the defendant against the evidence of the plaintiff and to bring before the court a loose and indeterminate statement of disputed facts, the plaintiff in error has the right to insist, as error apparent on the statement itself, that the court erred in sustaining the demurrer. Can these criticisms be fairly visited upon the demurrer in the instant case? The demurrer contains the statement that the defendant "admits that the evidence of the plaintiff establishes the following facts." There is no attempt to set up the evidence of the defendant against the evidence of the plaintiff. The determined facts are stated in positive terms. It is not a loose statement of the *testimony* of the witnesses. Counsel argues that there is an attempt to establish inconsistent propositions.

Construing the demurrer most strongly against the defendant, we think the statement shows, and the defendant admits, that the plaintiff was then,—at the time he jerked the horse round to the right,—in a position to have gone down Cherry street without injury, but plaintiff *believed* he could safely make a second turn and proceed down Howard avenue to the right of the ditch, and that it was the best course for him to have taken, and he attempted to do so, and he did all in his power to avoid injury, and in so doing—that is, in attempting to make a second turn and proceed down Howard avenue,—the buggy wheel struck against an electric light pole. Though reason of which he sustained the injuries complained of.

The only objection made to the form of the demurrer to the evidence is, that the statement that the plaintiff was then in a situation to have gone down Cherry street without injury is contradictory of and inconsistent with the further statements that the course plaintiff pursued

was the best course for him to have taken, and that he did all in his power to avoid injury, and in so doing the buggy wheel struck against an electric pole. Though this contention may be conceded, counsel for defendant in error do not attempt to establish this inconsistent proposition. They do not contend that the demurrer should have been sustained because it shows that plaintiff was in a position to have gone down Cherry street without injury, and because he did not do so, but adopted another course, he cannot recover. No such contention is made; but, on the contrary, the defendant contends that the facts proved are substantially variant from those alleged in the declaration. The statement, then, that plaintiff was in a position to have gone down Cherry street without injury may be eliminated, and the question is, even though the facts *proved* established a good cause of action, was *that* the cause of action declared upon? If, then, there is a fatal variance between the cause of action alleged and the one proved, even though there be a contradictory statement of facts in the demurrer, if, upon any theory of proof, the plaintiff cannot recover, we do not think it would be reversible error for the court to sustain the demurrer to the evidence. Let us consider, then, the question of variance.

The cause of action sued upon is, that plaintiff was "unavoidably thrown from the said vehicle *upon the approach* of the said horse and vehicle *to said ditch,* of the existence of which said ditch's dangerous and unsafe condition plaintiff had no knowledge or warning, by means of the *shying* and *effort* of the said horse to *avoid precipitation into said ditch,* whereby the *plaintiff's right foot was caught between* the *spokes* of the *wheels* of the said vehicle and the *plaintiff* was *thrown* against an *electric light pole* by the side of said street."

The case made by the proof is that plaintiff could not

stop his horse without going into the ditch, and immediately *plaintiff jerked the horse around* to the right, and the *horse jumped,* the left wheel of the buggy going into the ditch, and plaintiff was in a situation to have gone down Cherry street without injury, but believed he could safely make a *second* turn, which he proceeded to do * * * and *in so doing* the *buggy wheel struck* an electric light pole at the side of Howard avenue, *thereby throwing plaintiff from the buggy.*

The proof is that the horse did not shy at all. The proof that the horse jumped. Counsel argues that there is no difference between the words "shy" and "jump." But the declaration alleges that the plaintiff was "thrown from the vehicle *upon* the *approach* of the *horse* and *vehicle to* said *ditch,"* the proof is that the plaintiff was thrown from the vehicle after plaintiff had jerked the horse around and could have gone down Cherry street, and while plaintiff was attempting to make a second turn to proceed down Howard avenue. The declaration alleges that the plaintiff was thrown from the buggy by means of the horse shying and effort of the said horse to avoid precipitation into said ditch;" that proof is, that the plaintiff "jerked the horse round to the right and the horse jumped." Construing the demurrer most strongly against the demurrant, and taking the proof to mean that the horse shied and did not jump because plaintiff pulled him round, yet the shying of the horse to avoid precipitation into the ditch, according to the proof, was not the occasion or cause of the plaintiff's being thrown from the buggy, but on the contrary, the plaintiff was thrown from the buggy after the horse jumped, and while plaintiff was attempting to make the second turn, by the buggy wheel striking the electric light pole. The declaration alleges that the plaintiff's *foot was caught* between the spokes of the wheels and

*the plaintiff was thereby thrown* against the *electric light pole,* while the proof shows that the *buggy wheel struck* against the *electric light pole,* thereby throwing plaintiff from the buggy.

It is true, as counsel for plaintiff in error argues, that the primary negligence, as alleged and proved, is the maintenance of a dangerous ditch across the street. The presence of this dangerous ditch in the street would not give the plaintiff a cause of action or right to recover, unless the plaintiff suffered injury thereby. The declaration alleges that the plaintiff was injured because his horse was compelled to struggle to keep out of the ditch and this shying or struggling of the horse threw the plaintiff against an electric light pole. This allegation then becomes a material part of the cause of action, and the plaintiff must recover upon the cause of action as alleged. The defendant is called into court to litigate that question. If the plaintiff fail to prove the cause of action alleged and prove some other cause of action, the defendant has a right to decline to litigate the cause of action proved and to contend, by way of demurrer to the evidence, that the evidence introduced, though it might give the plaintiff a right to recover therefor in an action brought thereon, proves a different cause of action from the one alleged, and to ask judgment in his favor on the cause of action alleged. The plaintiff might or might not have been injured, by reason of the presence of the dangerous ditch in the street, after plaintiff succeeding in stopping his horse and pulling him to the right. He had not been injured up to that time. Leaving out of view altogether the fact that the plaintiff was in a position to have gone down Cherry street without injury, it may be that the plaintiff carelessly and negligently made the second turn, and himself caused the buggy wheel to strike the electric light pole, or it may be, as

the evidence set up in the demurrer states, that the plaintiff was doing all in his power to avoid injury. Be that as it may, the defendant was not called to defend against such a cause of action, and he had the right to decline to be led off by the plaintiff to litigate a question he had not come prepared to meet, an entirely different cause of action, and to ask judgment of the court upon the cause of action alleged against him. In doing so, the defendant does not rely upon, or insist upon the statement that, before the injury of plaintiff, he could have avoided same by going down Cherry street. The defendant does not seek to establish, by the evidence set up in the demurrer, inconsistent propositions, or to set off the evidence in his favor against the evidence that is against him, but he admits the evidence most strongly against him, and says that upon any state of the evidence plaintiff cannot recover, because the evidence proves a cause of action differing materially from the cause alleged. This being so, we think the court did not err in sustaining the demurrer to the evidence. There was certainly no reversible error, because of the fact that the demurrer contains conflicting statements of the evidence.

The judgment is affirmed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.