PRESTON B. BIRD, *Plaintiff in Error*, v. JEFFERSON COUNTY, *Defendant in Error.*

It is not the province of a demurrer to the evidence to bring before the court an investigation of the facts in dispute. It is intended to admit and state the facts which the other party attempt to prove, and not merely the testimony which may conduce to prove them. It is intended also to admit whatever the jury may reasonably infer from the evidence. Where the evidence is conflicting and not clear, certain and determinate, it is the province of the jury to weigh it, and the presumptions arising therefrom.

Writ of error to the Circuit Court for Jefferson County.

The facts in the case are stated in the opinion of the court.

*John U. Bird,* for Plaintiff in Error;

*S. D. Clarke,* for Defendant in Error.

SHACKLEFORD, J.—The plaintiff in error brought an action against Jefferson County, in the State of Florida, seeking to recover damages for the value of a mule, which had been hired by the plaintiff to the defendant and the death of which is alleged to have been occasioned by the failure of the defendant to water such mule, in accordance with the agreement entered into between the plaintiff and the defendant. Pleas were filed by the defendant and the case came on for trial before a jury. At the close of the plaintiff's evidence the defendant interposed a demurrer thereto, which was sustained by the court and judgment rendered by the court in favor of the defendant. This judgment is brought here for review. The only point presented for determination is as to the correctness of the ruling sustaining the demurrer.

In reading the transcript of the record, we find that all of the evidence adduced is set forth in the record proper in the form of questions and answers, the defendant stating that it "admits as true all of the evidence introduced, with all reasonable deductions and inferences to be drawn therefrom." A demurrer to the evidence is in the nature of a pleading and, as we have several times held, such demurrer, the joinder therein and the ruling thereon form part of the record proper. Loeffler v. City of West Tampa, 55 Fla. 276, 46 South. Rep. 426; Ray v. Pollock & Bernheimer, 56 Fla. 530, 47 South. Rep. 940; Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392. It is not proper to set forth on the record all the evidence adduced, in the form of questions and answers, or even in narrative form. As we said in Mugge v. Jackson, 50 Fla. 235, 39 South. Rep. 157, "It is not the province of such demurrer to bring before the court an investigation of the facts

in dispute. It is intended to admit and state the facts which the other party attempts to prove, and not merely the testimony which may conduce to prove them. It is intended also to admit whatever the jury may reasonably infer from the evidence." See also Skinner Mfg. Co. v. Wright, 51 Fla. 324, 41 South. Rep. 28, and authorities therein cited. It is impossible by reason of inconsistencies and even contradictions in the evidence, to say what facts are admitted. See Comforter v. City of Apalachicola, decided here at the present term.

Judgment reversed.

WHITFIELD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.