PETER COMFORTER, *Plaintiff in Error,* v. CITY OF APALACHICOLA, A MUNICIPAL CORPORATION, *Defendant in Error.*

1. A demurrer to the evidence admits the truth thereof and also such conclusions as the jury may fairly and justifiably draw therefrom. Forced or violent inferences from the evidence are not thereby admitted, but the testimony is to be taken most strongly against the demurrant, and such conclusions as a jury might justifiably draw therefrom the court ought to draw.

8—Vol. 63.

2. The true and proper object of a demurrer to the evidence is to refer to the court the law arising from admitted facts— certain and determinate facts. Where the evidence is conflicting and not clear, certain and determinate, it is the province of the jury to weigh it, and the presumptions arising therefrom.

Writ of error to the Circuit Court for Franklin County.

The facts in the case are stated in the opinion of the court.

*W. J. Oven,* for Plaintiff in Error;

*R. Don McLeod,* for Defendant in Error.

SHACKLEFORD, J.—The plaintiff in error brought an action against the defendant in error, wherein he sought to recover damages for injuries occasioned to himself, his horse and his saddle by reason of the alleged negligence of the defendant in error in permitting a certain designated street to become and remain in an unsafe and dangerous condition. The declaration contains two counts, to which the defendant filed two pleas, not guilty and contributory negligence. A trial was had before a jury and at the close of the evidence the defendant interposed a demurrer to the evidence which was sustained by the trial court and judgment rendered in favor of the defendant. This judgment is brought here for review The only point presented for determination is as to whether or not such demurrer was properly sustained.

We have several times had occasion to discuss the legal effect of a demurrer to the evidence and the office which it performs. It is suffiicent to say now, as we held in Wilkinson v. Pensacola & A. R. R. Co., 35 Fla. 82, 17 South. Rep. 71, "A demurrer to the evidence ad-

Comforter v. City of Apalachicola—Opinion of Court.

mits the truth thereof and also such conclusions as the jury may fairly and justifiably draw therefrom. Forced or violent inference from the evidence are not thereby admitted, but the testimony is to be taken most strongly against the demurrant, and such conclusions as a jury might justifiably draw therefrom the court ought to draw." Also see Mugge v. Jackson, 50 Fla. 235, 39 South. Rep. 157, wherein we held that "the true and proper object of a demurrer to evidence is to refer to the court the law arising from an admitted fact—a certain and determinate fact. Where the evidence is conflicting and not clear, certain and determinate, it is the province of the jury to weigh it, and the presumptions arising therefrom." Tested by these principles, we are of the opinion that the court erred in sustaining the demurrer to the evidence in the instant case. The facts disclosed by the demurrer to the evidence make the case a proper one for submission to a jury. Having reached this conclusion, it is neither advisable nor proper for us to comment upon the evidence. We are likewise precluded from considering and discussing the interesting questions which are argued before us. We would refer also the Skinner Mfg. Co. v. Wright, 51 Fla. 324, 41 South. Rep. 28; Loeffler v. City of West Tampa, 55 Fla. 276, 46 South. Rep. 426; Atlantic Coast Line R. R. Co. v. McCormick, 59 Fla. 121, 52 South. Rep. 712; and authorities therein cited.

Judgment reversed.

WHITFIELD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.