KATE G. SULLIVAN AS EXECUTRIX, *et al.*, *Plaintiffs in Error*, v. L. S. BROWN, DOING BUSINESS AS L. S. BROWN & COMPANY, *Defendants in Error*.

Opinion Filed February 11, 1914.

1. A demurrer to evidence is a pleading and should be made a part of the record proper.

2. Where it is desired to have a review of the ruling of the court on a demurrer to evidence, the demurrer and the ruling thereon should be incorporated in the transcript of the record proper, and error duly assigned thereon.

3. Where a real estate broker procures a binding contract of sale, he is entitled to his compensation if he acted in good faith.

4. Where the owner of the land refers the broker to the tax books for a description of lands to be sold, the owner is bound by the information obtained from the tax books when the broker acts in good faith and does not mislead.

Writ of Error to Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*John B. Jones,* for Plaintiffs in Error;

*Reeves & Watson & Pasco,* for Defendants in Error.

WHITFIELD, J.—This action brought to recover broker's commissions for a land sale, was tried on a common count as follows: "For further cause of action the plaintiff says that at the time of the commencement of this suit the defendants had been duly appointed and qqualified as executors of the last will and testament of M. H. Sullivan, deceased; that prior to the institution of this suit, to-wit, on May 3rd, 1910, the said M.H. Sullivan, deceased, was indebted to this plaintiff in the sum of $3250.00, for work done and labor performed, by the plaintiff, for the said M. H. Sullivan, deceased, at his request; that neither the said M. H. Sullivan, deceased, nor the defendants have paid the same or any part thereof, though often requested so to do.

Wherefore, plaintiff sues and claims damages in the sum of $5000.00.

Kate G. Sullivan and Daniel F. Sullivan,
As Executors of the last will and testament of M. H.
Sullivan, Deceased,
To L. S. Brown, Dr.

May 3rd, 1910, to 2½% commissions on $130,-
000.00 for sale of property in Arpents 22, 23
and 37, Pensacola Florida...................$3250.00
Interest to October 22nd, 1912................  396.48

$3646.48

The plea was never indebted as alleged. Verdict and judgment were rendered for the plaintiff and the defendant took writ of error.

The bill of exceptions after stating the evidence adduced by the plaintiff, contains the following:

"And the plaintiff having rested his case, the defendants to maintain the issues on their behalf, filed their demurrer to the evidence, all of which was as hereinbefore stated, for the reason that it was not sufficient to warrant the jury in finding a verdict for the plaintiff, upon which demurrer plaintiff's counsel joined issue.

But the said judge having heard the arguments of counsel for the plaintiff and for the defendant, for and against said demurrer, did then and there overrule said demurrer, to which said ruling the defendants then and there excepted."

A demurrer to evidence is a pleading and should be made a part of the record proper. It is usually interposed when all the evidence of the plaintiff in support of his declaration has been adduced. The demurrer is used to test the legal sufficiency of the plaintiff's evidence to sustain a judgment of the cause of action alleged. It is the duty of the demurrant to present to the court

in appropriate form a full and fair statement of all the material facts that the evidence adduced proves or tends to prove favorable to the plaintiff on the issues in the cause. Until this is done the plaintiff is not required to join in the demurrer. Loose and indefinite statements of evidence are not sufficient and the court should decline to consider a demurrer not properly interposed to the evidence. It is usual for the demurrant to state in the demurrer the grounds upon which the evidence is supposed to be insufficient to warrant a judgment thereon for the plaintiff. The effect of the demurrer is to admit as true all the facts that the evidence proves or tends to prove, and also to admit as true all the fair inferences and conclusions that may be drawn from the evidence favorable to the plaintiff. Conflicts in the evidence are not to be considered in determining the merits of the demurrer. If the demurrer to the evidence is sustained, the court discharges the jury and renders judgment for the defendant on the demurrer. If the demurrer is over-ruled the cause may under Section 1446 Gen. Stat. proceed as though the demurrer had not been interposed. Where it is desired to have a review of the ruling of the court on a demurrer to evidence, the demurrer and the ruling thereon should be incorporated in the transcript of the record proper, and error duly assigned thereon. A demurrer to evidence should not be sustained where there is some evidence of all the facts essential to the plaintiff's cause of action, and where under any reasonable view that may be taken of the evidence it can be fairly considered as tending to support the plaintiff's case. See Mugge v. Jackson, 50 Fla. 235, 39 South. Rep. 157; Atlantic Coast Line R. Co. v. Dexter & Conner, 50 Fla. 180, 39 South. Rep. 634; Skinner Mfg. Co. v. Wright, 51 Fla. 324, 41 South. Rep. 28; Atlantic Coast Line R.

Co. v. McCormick, 59 Fla. 121, 52 South. Rep. 712; Holland v. The State, 39 Fla. 178, 22 South. Rep. 298; Fee v. Florida Sugar Manuf'g. Co., 36 Fla. 612, 18 South. Rep. 853; Hanover Fire Ins. Co. v. Lewis, 23 Fla. 193, 1 South. Rep. 863; Myers v. Hodges, 53 Fla. 197, 44 South. Rep. 357; Hinote v. Simpson & Co., 17 Fla. 444; Holbrook v. Allen, 4 Fla. 96; Loeffler v. City of West Tampa, 55 Fla. 276, 46 South. Rep. 426; Knight v. Empire Land Co., 55 Fla. 301, 45 South. Rep. 1025; Morrison v. McKinnon, 12 Fla. 552; Wilkinson v. Pensacola & A. R. Co., 35 Fla. 82, 17 South. Rep. 71; Bird v. Jefferson County, 63 Fla. 88, 58 South. Rep. 28; Comforter v. City of Apalachicola, 63 Fla. 113, 58 South. Rep. 28; 6 Enc. Pl & Pr 453; 7 Standard Encyclopedia of Procedure 4 *et seq.*

The transcript does not show that a demurrer to the evidence was properly presented. There is no such demurrer in the record proper, and the fact that the bill of exceptions states that the judge "did then and there overrule said demurrer," presents nothing for consideration here, even though the overruling of such a demurrer is assigned as error.

Plaintiff in error contends that there was an express contract for a stipulated commission on a completed sale, and that the evidence shows an express contract and no complete sale.

The declaration calls for a *quantum meruit* compensation, and the copy of the cause of action filed with the declaration shows a claim of compensation "for sale of property." As the jury found for the plaintiff, the question to be determined is whether there is evidence to support the verdict and whether any rule of law or procedure was violated to the defendant's injury in the finding and the judgment rendered thereon.

One of the intended purchasers, Theo. Baars, testifies that "the sale was finally closed by Mr. L. S. Brown," the plaintiff. "We were ready and willing to carry out the terms of the contract." "There was a sale in accordance with the terms of the agreement." "The sale was never consummated." There was a deficiency in the land, "The shortage was thirty-seven feet on Chase street." The owners tendered a conveyance of the land they owned, but it was not all that was offered. The purchasers were willing to take the property upon an allowance for the shortage in measurements. A witness who aided in the transaction testified that he supplied the intended purchaser "with the description of the property. I got the description from the City Tax Collector." "We wanted to know the dimensions of the property and asked Mr. Sullivan (the owner) to give it to us; he said he didn't know what it was, he said we could get the description from the tax book. I did get it from the tax book. The tax book showed the larger area." "What was represented by the owner we sold." "We did not discuss the commission, except that he, (the owner) would pay it." "He agreed to pay a commission upon completion of the sale of the property—or the sale." The owner accepted $1,000.00 on the purchase. "There was a binding sale." "That was the final sale." The owner brought suit for a specific performance of the contract of sale, but the suit was settled and dismissed. The brokers having procured a binding contract of sale he was entitled to his just compensation if he acted in good faith. Wiggins v. Wilson, 55 Fla. 346, 45 South. Rep. 1011. There is evidence that the usual commissions are five per cent. The claim and judgment are for two and a half per cent. As the owner referred the broker to the tax books for the dimensions of the prop-

erty, the owner is bound by the reference, and as the evidence does not tend to show misrepresentation or guilty knowledge on the part of the broker, before a binding contract of sale was made, the latter cannot be deprived of his commission because the tax books to which the owner referrred the broker for dimensions of the land, showed more land than the seller owned.

There is ample evidence to sustain the verdict. A charge given that if the jury find the plaintiff entitled to recover, he would be entitled to 2 1-2 per cent, claimed in the declaration, is not material error in view of the uncontroverted evidence that five per cent is the usual commission.

What has been said above, makes it unnecessary to discuss the assignments of error based on charges given by the court. There was no error in excluding evidence of the owner's title to the land, as it had no bearing on the issues. Likewise it was not error to exclude a copy of a plea sworn to in another action by a person not a party to this action.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.