R. J. AND B. F. CAMP LUMBER COMPANY, GEORGE W. SAXON, FRANK ROBERTS, MORGAN V. GRESS, H. E. TAYLOR AND J. A. MAULTSBY, AS TRUSTEES FOR THE CAMP LUMBER COMPANY, *Appellants,* v. C. H. TEDDER, *Appellee.*

Opinion Filed July 30, 1919.

Petition for rehearing denied October 31, 1919.

1. A broker is entitled to his commission where he produces a customer who is ready, willing and able to buy the property upon the terms offered by the principal, but who refuses to consummate the transaction because of a defect in the principal's title.

2. A broker has the right to rely on his principal's assurance that the title to the land offered for sale is good, and if the sale fails because of defective title of which the broker had no knowledge, he is entitled to his commission.

3. Where a broker is employed to find a purchaser for a tract of land, and he furnishes one who is ready, willing and able to buy the property, and because of defective title to part of the tract, the prospective buyer refuses to take such part, but does buy the part to which the title is good, the broker is entitled to his commission as if the entire tract had been sold.

4. A broker, in the absence of notice to the contrary, is entitled to act upon the assumption that the principal has a marketable title, and if a sale is not consummated solely because of a defect in the title, he is entitled to his commission.

An Appeal from the Circuit Court for Hamilton County; George Couper Gibbs, Judge.

Affirmed in part; reversed in part.

*A. B. & C. C. Small* and *O. O. McCullum,* for Appellants;

*George C. Bedell* and *Jas. F. Glen,* for Appellee.

Browne, C. J.—This is a suit by C. H. Tedder against the R. J. and B. F. Camp Lumber Company, and George W. Saxon, Frank Roberts, Morgan V. Gress, H. E. Taylor and J. A. Maultsby, as Trustees for the Camp Lumber Company, for an accounting and for a lien on certain lands belonging to the R. J. and B. F. Camp Lumber Company for the payment of an amount due him for services in finding a purchaser for 132,000 acres of land, excluding the timber privileges thereon, at 90 cents per acre.

The complainant under his contract was to receive as commission whatever the land sold for in excess of $100,000.00.

He found and produced a purchaser who was able, ready and willing to buy the entire tract at 90 cents per acre who bound himself so to do.

It is not necessary to recite the allegations of the bill and averments of the answer, nor will it serve any useful purpose to set out the deed of trust or give a synopsis of the testimony. These matters were considered by the chancellor, who found that the equities were with the complainant, and a careful examination of the record does not disclose that the court erred in reaching this conclusion.

The decree further found that the complainant was entitled to recover the sum of $6,906 with interest from September 2nd, at 8%. An appeal from the decree was

taken by the defendants, and cross assignments of error filed by the complainant based upon the insufficiency of the amount of the decree in his favor.

To Mr. Heard, the purchaser procured by Tedder, the defendants ultimately made a deed for the major part of the lands at 90 cents per acre; for part at 70 cents per acre, the reduction of 20 cents per acre being made on account of alleged defects in the title; and the remainder of the land, amounting to about 15,000 or 16,000 acres, was never conveyed to Heard on account of defects in the title. Mr. Heard would have taken the entire 132,000 acres if the title to all of it had been good. He refused to buy about 15,000 or 16,000 acres because of defective titles.

Tedder was assured that the titles were good and he had the right to rely on that assurance, and if a sale for any part of the lands failed because of defective titles of which he had no notice, it was no fault of his and he was entitled to his compensation for the sale of the entire acreage. Sullivan v. Brown, 67 Fla. 133, 64 South. Rep. 455; Yoder v. Randol, 16 Okla. 308, 83 Pac. Rep. 537, 3 L. R. A. (N. S.) 576, and notes; 9 Corpus Juris, 627.

Under Tedder's contract he was to receive the difference between $100,000 and what Heard would have paid for the 132,000 acres at 90 cents per acre, and the decree of the lower court should have been for that amount, with interest and costs.

The decree is affirmed as to all but that portion that awards to C. H. Tedder $6,906, with interest, and as to that, the decree is reversed and the cause remanded for a decree in accordance with this decision.

TAYLOR, ELLIS AND WEST, J. J., concur.

WHITFIELD, J., for affirmance.