UCHELLO v. ARNOLD

---

(June 8, 1931. Opinion and Decree.)

---

Waverly A. Henning, of New Orleans, attorney for plaintiff, appellee.

F. A. Middleton, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Mrs. Edwin C. Arnold employed Joseph Uchello, the plaintiff herein, a real estate broker, to sell a piece of real estate, the title to which was in her name. She entered into a written contract authorizing the sale of the property for $10,000 cash and agreeing to pay Uchello a commission of 4 per cent and 25 per cent as attorney fees in the event of the employment of an attorney to enforce the contract. The term of the contract was 90 days. Within that period Uchello succeeded in obtaining a purchaser in the person of Anthony M. Rouprich, who made a deposit with Uchello of $1,000 and agreed to take the property on Mrs. Arnold's terms. The sale was not consummated, however, due to the objection of Edwin C. Arnold, defendant's husband, whereupon this suit was brought by Uchello for his commission of 4 per cent and the 25 per cent attorney fees.

There was judgment below in plaintiff's favor as prayed for, and defendant has appealed.

Defendant admits employing plaintiff, but denies liability because the property, though in her name, is, as a matter of law, the property of the community which she had no power to alienate, Rev. Civ. Code, art. 2402; Succession of Andrus, 131 La. 940, 60 So. 623; that the plaintiff in this case knew or should have known that in contracting with her for the sale of the property she could not consummate the sale, and he should have consulted her husband. But, the question here is not whether Mrs. Arnold, a married woman, has a right to dispose of community property or to bind the community for her debts, but, as was said in Mathews Bros. v. Bernius, 169 La. 1071, 126 So. 556, "the proper solution of the case depends upon whether a married women has the right to bind herself to pay commissions and attorney's fees thereon, with the end in view of selling property, which she assumes at the time to be her property, but which later developments disclose she is unable to convey title to, because it is not her separate property, but is property belonging to the community of acquets and gains, existing between her and her husband,

which he alone, as head and master of the community, has the right to sell."

As will be observed from the quotation, the question presented here is precisely the one before the Supreme Court in the cited case. It was there held that in view of Act No. 244 of 1918 conferring upon a married woman a privilege, not theretofore enjoyed by her, of contracting as freely as a femme sole with respect to her paraphernal property, it is immaterial to whom the property belongs, because she contracted with defendant to pay him if he obtained a purchaser for the property she assumed to own or control. Quoting further from Mathews Bros. v. Bernius, we find:

"The wife, in such a case as the one here presented, is in the same position as she would be, if it appeared that she could not convey title, not because the community owned the property, but because some stranger owned it. The fact that the community owned the property, instead of some third person, is here an unimportant circumstance. Where, as was the case here, the broker's contract was to find a purchaser, his right to his commission is dependent upon whether he has found and produced one, who is able, ready, and willing to buy on the terms prescribed by his principal. When the broker produces such a purchaser, he is entitled to his commission, although the sale is not consummated, because of the inability of the vendor to comply with his offer. 2 C. J. pp. 769, 770. The broker, in such a case, in the absence of notice to the contrary, has the right to act upon the assumption that his principal has a marketable title. R. J. & B. F. Camp Lumber Co. v. Tedder, 78 Fla. 183, 82 So. 865."

We can find no distinction in principle between the instant case and the case of Mathews Bros. v. Bernius; supra; consequently, and for the reasons given in that case and the authorities there cited, the judgment appealed from is affirmed.

HIGGINS, J., takes no part.