STANLEY A. WEIDA, *Plaintiff in Error*, vs. E. J. BACON and CARL H. FISCHER, formerly a partnership doing business under the firm name of Bacon & Fischer, *Defendant in Error*.

138 So. 32.
Division A.
Opinion filed July 29, 1931.

*John B. Singeltary*, for Plaintiff in Error;

*Graham & McKaig* and *Marion B. Jennings*, for Defendant in Error.

ELLIS, J.—E. J. Bacon and Carl H. Fischer as a former partnership sued Stanley A. Weida for compensation as real estate brokers for two sales of certain hotel property owned by the defendant in Sarasota, Florida, and recovered judgment in the sum of eighty-seven hundred dollars.

The declaration consisted of eight counts, six of which were common counts for goods bargained and sold, work done and material furnished, money lent to the defendant, money paid by plaintiff for the defendant, money received by defendant for plaintiffs' use and account stated.

The seventh and eighth counts were special counts upon a simple contract. One alleged that in August, 1924, Weida listed the property with plaintiffs, licensed real estate brokers, "for sale, at and for the price of '$75,000.00 with about 1/3 cash, balance easy terms at 8%' " and agreed to

pay the plaintiffs a "5% commission on the sale price, for the sale" of the property. The declaration then alleges a sale of the property in the following words:

"that the Plaintiffs, in pursuance of the above letter, and in accordance with the price, terms and their authority, set out in the said letter, sold the above property, at and for the price of $75,000.00 1/3 cash, balance on or before one, two, three, four and five years, as more specifically shown by a telegram from the Plaintiffs to the Defendant, dated November 1st, A. D. 1924 and signed by E. J. Bacon, one of the above Plaintiffs, a copy of which telegram is hereto attached to this Declaration and marked exhibit 'B' ".

The telegram is attached to the declaration as Exhibit B but not made a part of it, but the declaration alleges that a sale was made "as more specifically shown by a telegram from the plaintiffs to the defendant, dated November 1, A. D., 1924, and signed by E. J. Bacon, one of the above plaintiffs".

The eighth count of the declaration alleges that in February, 1925, the defendant listed the property for sale with the plaintiffs at the price of $100,000. With the following instructions as to terms: " 'Must have $25,000.00 but would like to get more, if possible' ". A copy of the letter of defendant evidencing the listing of the property and the terms of sale is attached to the declaration as Exhibit C but not by apt words made a part of it. It is alleged that the plaintiffs sold the property "for the price of $100,000.00 1/4 cash, and balance by a mortgage and notes on said property, with notes to be paid in two, three, four and five years, equal payments, bearing interest at the rate of 8% per annum, payable semi-annually" which it is alleged is more clearly shown in a memorandum dated May 14, A. D. 1925, a copy of which is attached to the declaration but not made a part of the pleading and the sale it is alleged was "accepted and confirmed" by the defendant as shown by his notation in writing on the bottom of

the memorandum a copy of which is attached to the declaration as Exhibit "D" also by the defendant's telegram, a copy of which is attached to the declaration as Exhibit "E".

As to the six common counts the defendant pleaded the general issue and as to the two special counts he pleaded the general issue; second, that the plaintiffs were not licensed real estate brokers on August 27, 1924.

A demurrer to the second plea was sustained but the defendant contends that the demurrer should have been visited upon the declaration. That principle in pleading is sound because a bad plea is a good reply to a bad declaration. Therefore when a declaration is faulty and a faulty plea to it is interposed a demurrer to the plea reaches back to the declaration and tests its sufficiency. The reason for the rule is that the court should not be called upon to expend its activities and the State's powers in useless, frivolous and unsubstantial issues. See Parkhill v. Union Bank, 1 Fla. 110; Hooker v. Gallagher, 6 Fla. 351; Sanford v. Cloud, 17 Fla. 532; Jacksonville v. Aetna Fire Ins. Co., 20 Fla. 100; Bellas v. Keyser, 17 Fla. 100; Sylvester v. Lichtenstein, 61 Fla. 441, 55 South. Rep. 282; Murphy vs. Jacksonville, 18 Fla. 318, 43 Am. Rep. 523; Shelton v. Eisemann, 75 Fla. 644, 79 South. Rep. 75.

The seventh and eighth counts of the declaration were bad in substance, stated no cause of action in that it was not alleged that there was a sale of the property in either of the two transactions in the sense of a transfer of the title or the making of a contract in writing with a purchaser able and willing to buy and duly signed by him. Obviously a statement by the plaintiffs in a letter or telegram to the defendant that the property had been sold amounts to nothing more than an allegation in the declaration that the property had been sold.

There is a recognized distinction between the employment of a broker to procure a purchaser for the property

of another and his employment to effect a sale of such property. A broker employed to sell as distinguished from a broker employed to find a purchaser is not entitled to compensation until he effects a sale or procures from his customer a binding contract of purchase within the terms of his authority. Wiggins v. Wilson, 55 Fla. 346, 45 South. Rep. 1011; Elliott v. Gamble, 77 Fla. 798, 82 South. Rep. 253; Cameron v. Powers, 63 Fla. 108, 57 South. Rep. 888; Sullivan v. Brown, 67 Fla. 133, 64 South Rep. 455.

The declaration declares upon two employments to sell the same property. One in August, 1924, and the other in February, 1925. In neither case is it alleged that a customer was produced by the plaintiffs who was ready, willing and able to buy the property upon the terms offered by the principal and the latter refused to consummate the transaction. Camp Lumber Co. vs. Tedder, 78 Fla. 183, 82 South. Rep. 865. Nor that a binding contract of sale was procured from the customer nor that there had been a sale consummated and title passed. The declaration alleges that the property was sold "as more particularly shown by a telegram from the plaintiffs to the defendant" but a sale of the property cannot be shown in that way. The allegation is not stronger nor more certain than if it had been that the "defendant employed me to sell. I told him I had sold, therefore I am entitled to my commission". The eighth count is no stronger or more certain in its allegations.

Judgment should have been given for the defendant on the demurrer upon the ground that the first substantial error occurred in the declaration. There was no evidence in support of the common counts.

The judgment is reversed with directions to allow the plaintiffs to amend the declaration, if they so desire.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.