WHITE, Judge.
This is an appeal by Charles E. Willis, one of the defendants below, from a final judgment awarding a real estate broker’s commission to the appellee Blair G. Clark. The litigants will be referred to according to their original designation.
Plaintiff Blair Clark recovered judgment for a broker’s commission under an oral contract of employment between plaintiff and defendant property owner Charles Willis. The plaintiff contended that said defendant agreed to a sale price of $35,000 which would include a real estate commission of $2,000. The defendant insisted, however, that at no time did he employ or contract with the plaintiff as a real estate broker on a commission basis. It was the defendant’s contention that he told the plaintiff he would accept $35,000 net to him for the property and that the plaintiff would have through Saturday, May 2, 1959, to find a purchaser at that price.
The plaintiff produced a willing purchaser, John S. Mitchell, at the $35,000 figure and accepted $2,000, as a deposit. The defendant refused to pay the commission and the sale fell through. The defendant thereafter made a private sale of the property to Arthur V. Bush who in turn conveyed to S. K. Mitchell, who later conveyed the same property to his son John S. Mitchell, “the willing purchaser” originally produced by the plaintiff. Arthur Bush testified at the trial that he acted at the request of John S. Mitchell.
The plaintiff filed his complaint in three counts, the first alleging simple breach depriving him of his expectancy in that he had procured a willing purchaser but that the sale fell through because defendant *262 Willis refused to pay the commission. The second count alleged a conspiracy to defraud the plaintiff and deprive him of his commission through collusion and deceit of the defendants John Mitchell and Bush. The third count restated many of the allegations in the first two and, in addition, alleged that defendant Willis knew that Bush was the agent of Mitchell and that plaintiff was the procuring factor in the eventual sale to John Mitchell.
It developed during the trial that defendant Willis had no knowledge of any agency between Bush and Mitchell and the plaintiff accordingly dropped the conspiracy count against defendant Willis. The defendant Willis has assigned as error the trial court’s denial of his motion to dismiss, motion for summary judgment, motions for directed verdict, motion for a new trial and motion for judgment notwithstanding the verdict. He also assigns the giving and refusal of various instructions.
The defendant on appeal has raised six points, several of which can be consolidated, as to whether there was sufficient evidence from which a jury could find an agency contract between plaintiff and defendant Willis and a breach thereof by defendant Willis. Other points on appeal will be discussed separately.
The law of the right of a broker to a commission is stated generally in 12 C.J.S. Brokers § 85 as:
“ * * * a broker employed to sell, where such employment is construed to be one to find a purchaser who is able, ready, and willing to purchase on the owner’s terms, fully performs his part of the contract of employment, earns his commission, and becomes entitled thereto when he produces a customer who is ready, able, and willing to ptvrchase the property in question at a price and on terms and conditions which have been specified by the principal or are satisfactory to him, whether or not a sale is consummated, unless the failure to consummate the sale is due to the fault of the broker * * (Emphasis ours.)
See also case and text citations, infra.
The real question is whether the buyer that the broker produced was ready, able and willing to buy on the terms and conditions specified by the principal, Charles Willis. The plaintiff on appeal contends, as stated, that the defendant agreed to a sale price of $35,000, and that a $2,000, broker’s commission was implied in the agreement. The defendant denies such contention, stating that he agreed to accept $35,000, net. Testimony by Willis, Clark and his wife conflicted on this point, and the issue was one of fact for the jury.
Although denied by defendant Willis, the plaintiff testified that Willis agreed to pay any overage above $33,000. Both plaintiff and his wife testified that Willis offered to sign the contract if the plaintiff would accept $1,000, commission. Clark offered to compromise at $1,600, but Willis refused, stating he had to pay his wife $1,000 to sign the deed. This was also denied by the defendant.
John S. Mitchell testified that the plaintiff introduced defendant Willis to him in regard to the sale of the property but that Willis refused to accept the offer of $35,-000, under the terms of the contract. He further testified that he did purchase a horse from Mr. Willis, and that Willis subsequently visited his home. Bush was introduced to defendant Willis at the home of John Mitchell. However, defendant John Mitchell denied mentioning the property to Willis even though he admitted he never lost interest and shortly afterwards sent Bush to purchase the property. John Mitchell admitted that Bush was his agent.
“Q. Now did you subsequently have Mr. Bush go out to Mr. Willis' house and secretly buy this property for yourself? A. Yes, I did.
‡ jfc 5|< sfc ‡ jjc
*263 “Q. Did he make a deal with Mr. Willis? A. Yes sir, he did.
“Q. With your money? A. With my father’s money.”
From these facts, it appears that there was no question but that Arthur V. Bush purchased the land as agent for John Mitchell.
In Hart v. Pierce, 1929, 98 Fla. 1087, 125 So. 243, 247, the court quoted the following from Hutchins v. Sherman, 82 Fla. 167, 89 So. 430:
“ ‘The authorities uniformly hold to the effect that, where a broker procures a customer willing, ready, and able to purchase property offered for sale according to the terms of the offer, and the transaction is defeated on account * * * of the principal, the broker is entitled to his commission, although the transaction is not consummated.’
“9 C.J. 623; 4 R.C.L. 323; Camp Lumber Co. et al. v. Tedder, 78 Fla. 183, 82 So. 865; Dotson v. Milliken, 209 U.S. 237, 28 S.Ct. 489, 52 L.Ed. 768.”
Under this theory the jury could reasonably have found that the plaintiff was entitled to his commission when he produced John Mitchell as a ready, willing and able buyer. In this respect it is immaterial that Willis sold the property to Bush as agent for Mitchell or that Willis even had any knowledge of the agency.
 Defendant Willis argues, on appeal, that the jurors were prejudiced against him by the evidence on the conspiracy count which was withdrawn at the conclusion of all the testimony while the evidence remained in the record. We find nothing in the testimony, instructions or verdict suggesting that the jury was prejudiced or misinterpreted the evidence in reaching their verdict. It is not within the authority of an appellate court to substitute its judgment on issues of fact as found by the jury unless those findings are manifestly unreasonable and clearly against the weight of the evidence. The conspiracy count was withdrawn against Charles E. Willis, but was not withdrawn as to the other defendants. For that reason the evidence as to conspiracy was properly received.
The jury chose to believe that there was a contract between Willis and Clark, that Bush purchased the land as agent for Mitchell, and that the plaintiff was entitled to $2,000, commission on the first count. The jury found for the other defendants John Mitchell and Arthur Bush on the second count. We have studied the entire transcript and are impelled to conclude that a reasonable jury could logically find that the plaintiff did produce a qualified purchaser and was in fact the procuring cause of the sale. Presumption favors the correctness of the judgment in the trial court. Salter v. Knowles, 1957 Fla.App., 97 So.2d 138.
The defendant contends, finally, that certain instructions given by the trial judge were prejudicial to his case and that the refusal to give certain other instructions was likewise error. We find no error in these particulars nor in other points raised and argued on appeal.
Affirmed.
SHANNON, C. J., and KANNER, J., concur.